1  JOHN M. SORICH (CA Bar No.125223)
   jsorich@alvaradosmith.com
2  S. CHRISTOPHER YOO (CA Bar No. 169442)
   cyoo@alvaradosmith.com
3  CHRISTOPHER J. DONEWALD (CA Bar No. 255454)
   cdonewald@alvaradosmith.com
4  ALVARADOSMITH
   A Professional Corporation
5  1 MacArthur Place, Suite 200
   Santa Ana, California 92707
6  Tel:  (714) 852-6800
   Fax: (714) 852-6899
7
   Attorneys for Defendants,
8  CHASE HOME FINANCE, LLC, U.S. BANK
   NATIONAL ASSOCIATION, AS TRUSTEE FOR BNC
9  MORTGAGE LOAN TRUST 2007-1, MORTGAGE
   PASS THROUGH CERTIFICATES, SERIES 2007-1; and
10 MORTGAGE ELECTRONIC REGISTRATION
   SYSTEMS, INC.
11
                 **UNITED STATES BANKRUPTCY COURT**
12
          **CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**
13

| 14  In re | Case No.: 8:10-bk-27141-RK |
| MARY JANE DECKARD, | **Adversary Case No.:** 8:11-ap-01107-RK |
| Debtor. | (Chapter 13) |
| | JUDGE:  Honorable Robert N. Kwan |
| Mary Jane Deckard, an Individual. | **NOTICE OF MOTION AND MOTION TO DISMISS ADVERSARY COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** |
| Plaintiff, | |
| v. | |
| CHASE HOME FINANCE, LLC; U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR BNC MORTGAGE LOAN TRUST 2007-1, MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2007-1; Lehman Brothers Holdings, Inc.; First American Loanstar Trustee Services LLC; Aurora Loan Services LLC; Structured Asset Securities Corporation; and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.' and all persons claiming by, through, or under such person, all persons unknown, claiming any legal or equitableright, title, estate, lien, or interest in the property described in the complaint adverse to Plaintiff's title thereto;; and DOES 1–100, Inclusive; | **[Filed Concurrently with Request for Judicial Notice in Support of Motion to Dismiss Adversary Complaint]**<br><br>Date:  May 12, 2011<br>Time:  3:00 p.m.<br>Ctrm:  5D<br><br>**ACTION FILED:**      March 3, 2011 |
| Defendants | |

1

**TO THE HONORABLE ROBERT N. KWAN, UNITED STATES BANKRUPTCY JUDGE, PLAINTIFF AND HER ATTORNEYS OF RECORD, AND ALL INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** that on May 12, 2011 at 3:00 p.m. or as soon thereafter as this matter may be heard in Courtroom 5D of the above-entitled Court, the Honorable Robert N. Kwan, United States Bankruptcy Judge, presiding, defendants Chase Home Finance LLC ("Chase"), U.S. Bank National Association, as Trustee for BNC Mortgage Loan Trust 2007-1, Mortgage Pass-Through Certificates, Series 2007-1 ("US Bank, N.A., as Trustee"), and Mortgage Electronic Registration Systems, Inc. ("MERS," and collectively as "Defendants") will move this Court to dismiss the entire adversary complaint ("Complaint") of plaintiff Mary Jane Deckard ("Plaintiff") pursuant to *Federal Rule of Civil Procedure* 12(b)(6) for failure to state a claim, *Rule* 12(e) for uncertainty, and *Rule* 19 for failure to join an indispensible party. Specifically, Defendants will move the Court as follows:

1.      The entire Complaint is subject to dismissal because it is uncertain pursuant to Federal *Rule of Civil Procedure* 12(e).

2.      The entire Complaint is subject to dismissal for Plaintiff's failure to join a necessary and indispensible party to the adversary complaint pursuant to Federal *Rule of Civil Procedure* 19.

3.      To dismiss the first claim for "Declaratory Relief to Determine an Interest in Property" on the grounds that it fails to state a claim pursuant to *Federal Rule of Civil Procedure* 12(b)(6).

4.      To dismiss the second claim for "Declaratory Relief to Determine Status of US Bank Claim" on the grounds that it fails to state a claim pursuant to *Federal Rule of Civil Procedure* 12(b)(6).

5.      To dismiss the third claim for violation of "15 U.S.C. § 1641(g)" on the grounds that it fails to state a claim pursuant to *Federal Rule of Civil Procedure* 12(b)(6).

6.      To dismiss the fourth claim for "Fraud in Conveyance" on the grounds that it fails to state a claim pursuant to *Federal Rule of Civil Procedure* 12(b)(6).

7.      To dismiss the fifth claim for "Libel" on the grounds that it fails to state a claim

NOTICE OF MOTION AND MOTION TO DISMISS ADVERSARY COMPLAINT FOR FAILURE TO STATE A CLAIM
1186872.2

1    pursuant to *Federal Rule of Civil Procedure* 12(b)(6).

2          8.     To dismiss the sixth claim for "Quiet Title" on the grounds that it fails to state a claim

3    pursuant to *Federal Rule of Civil Procedure* 12(b)(6).

4          This Motion is based on this Notice, the accompanying Memorandum of Points and

5    Authorities, the Request for Judicial Notice, the pleadings and papers on file in this action, and such

6    further oral and documentary evidence as may be presented at the hearing on this Motion.

7          **PLEASE TAKE NOTICE** that pursuant to *Local Bankruptcy Rule* 9013-1(a)(7), any

8    interested party wishing to oppose the Motion must file with the Clerk of the Bankruptcy Court and

9    serve upon Chase, a written opposition that complies with *Local Bankruptcy Rule* 9013-1(a)(7) not

10   later than fourteen (14) days before the date designated for the hearing.

11         **PLEASE TAKE FURTHER NOTICE** that pursuant to *Local Bankruptcy Rule* 9013-

12   1(a)(11), failure to file and serve a timely opposition may be deemed consent to the relief requested

13   in the Motion.

14

15   DATED: March 31, 2011                    ALVARADOSMITH
                                              A Professional Corporation
16

17
                                        By: /s/ Christopher J. Donewald
18                                           JOHN M. SORICH
                                             S. CHRISTOPHER YOO
19                                           CHRISTOPHER J. DONEWALD
                                             Attorneys for Defendants
20                                           CHASE HOME FINANCE, LLC, U.S. BANK
                                             NATIONAL ASSOCIATION, AS TRUSTEE
21                                           FOR BNC MORTGAGE LOAN TRUST 2007-1,
                                             MORTGAGE PASS THROUGH
22                                           CERTIFICATES, SERIES 2007-1; and
                                             MORTGAGE ELECTRONIC REGISTRATION
23                                           SYSTEMS, INC.

24

25

26

27

28

ALVARADOSMITH
ATTORNEY AT LAW
SANTA ANA

# TABLE OF CONTENTS

Page

I.      SUMMARY OF ARGUMENT ...................................................................................1

II.     SUMMARY OF RELEVANT FACTS ........................................................................2

III.    STANDARD FOR A MOTION TO DISMISS ............................................................2

IV.     THE ENTIRE COMPLAINT IS UNCERTAIN AND DEFENDANTS REQUEST A
        MORE DEFINITE STATEMENT ...............................................................................3

V.      ALL OF PLAINTIFF'S CLAIMS ARE SUBJECT TO DISMISSAL BECAUSE
        PLAINTIFF FAILED TO JOIN BORROWER CHARLES E. DECKARD, A
        NECESSARY PARTY ..................................................................................................4

VI.     PLAINTIFF'S CLAIM FOR "VIOLATION OF TRUTH IN LENDING ACT" FAILS
        AGAINST US BANK, N.A., AS TRUSTEE ...............................................................4

        A.      Plaintiff's Claim for Damages Are Time Barred .............................................4

VII.    PLAINTIFF'S FRAUD CLAIM FAILS ......................................................................5

        A.      MERS Is Authorized to Assign the DOT and Commence a Trustee's Sale ...........5

                1.      Non-Judicial Foreclosures Under California Law ...............................5

                2.      MERS Is Authorized to Assign Its Interest Under the Deed of Trust .........6

                3.      MERS is Permitted to Commence Non-Judicial Foreclosure
                        Proceedings Because the Deed of Trust Grants the Power of Sale.............7

                4.      California *Civil Code* § 2932.5 Does Not Apply to Deeds of Trust ...........9

        B.      Plaintiff Fails to State a Claim for Fraud .......................................................10

VIII.   PLAINTIFF'S CLAIM FOR "DEFAMATION (LIBEL)" FAILS ...................................12

        A.      Plaintiff's Claim is Barred by the One Year Statute of Limitations ......................12

        B.      Plaintiff's Claim is Barred Because a Complete Defense Exists in that any
                Statement Made by Defendants was Privileged.................................................12

        C.      Plaintiff's Claim has no Merit Because Plaintiff Does not Allege That the
                Statements Made Within the Foreclosure Notices Were False.............................13

IX.     PLAINTIFF FAILS TO STATE A CLAIM FOR "DETERMINATION OF EXTENT
        AND VALIDITY OF LIEN" ......................................................................................13

X.      PLAINTIFF'S CLAIM TO "QUIET TITLE" FAILS.....................................................16

XI.     CONCLUSION............................................................................................................17

ALVARADOSMITH
ATTORNEYS AT LAW
SANTA ANA

NOTICE OF MOTION AND MOTION TO DISMISS ADVERSARY COMPLAINT FOR FAILURE TO STATE A CLAIM
1186872.2

1

## TABLE OF AUTHORITIES

2                                                                                      Page

3    **Cases**

4    *Adam v. Mortgage Electronic Registration Systems, Inc.*, 2011 WL 63651, at *3 (C.D.Cal. 2011).. 10

5    *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 240, 57 S.Ct. 461, 463 (1937).... 13

6    *Alliance Mortgage Co. v. Rothwell*, 10 Cal. 4th 1226, 1235 (1995) ...................................................... 7

7    *American States Ins. Co v. Kearns*, 15 F.3d 142, 143-144 (9th Cir. 1994). ........................................ 13

8    *Arnolds Management Corp. v. Eischen*, 158 Cal.App.3d 575, 578 (1984) .......................................... 16

9    *Bachis v. State Farm Mutual Auto. Ins. Co.*, 265 Cal.App.2d 722 (1968) .......................................... 14

10   *Bear v. Coben (In re Golden Plan of Cal., Inc.)*, 829 F.2d 705, 708-11 (9th Cir. 1986) ..................... 9

11   *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1959 (2007) ............................................................... 3

12   *Benham v. Aurora Loan Services*, No. C-09-2059 SC, 2009 WL 2880232, at *3 (N.D. Cal. Sept. 1,
     2009)......................................................................................................................................... 6, 7 8

13

14   *Candelo v. NDex West, LLC.*, 2008 WL 5382259 at *4 (E.D. Cal. 2008)............................................. 15

15   *Cardellini v. Casey*, 181 Cal.App.3d 389 (1986) ................................................................................ 14

16   *Cellars v. Pacific Coast Packaging, Inc.*, 189 FRD 575, 578 (ND CA 1999) ...................................... 3

17   *Desaigoudar v. Meyercord* 223 F3d 1020, 1022–1023 (9th Cir. 2000) ............................................ 10

18   *Famolare, Inc. v. Edison Bros. Stores, Inc.*, 525 F.Supp. 940, 949 (E.D. CA 1981) ........................... 3

19   *Francis v. Dun & Bradstree, Inc.*, 3 Cal.App.4th 535 (1992) ............................................................. 13

20   *Gomes v. Countrywide Home Loans, Inc.*, 192 Cal.App.4th 1149, 2011 WL 566737, at *4-5 (2011). 8

21   *Gregory v. Mcdonnell DOUGLAS CORPORATION*, 17 Cal.3d 596, 601 (1976). .......................... 13

22   *Guerra v. Sutton*, 783 F.2d 1371, 1376 (9th Cir.1986)........................................................................ 14

23   *Hill Trans. Co. v. Southwest Forest Industries Inc.* 266 Cal.App.2d 702, 707 (1968)....................... 10

24   *In re Barr*, 188 B.R. 565, 570 (Bkrtcy.N.D.Ill.,1995) ........................................................................ 10

25   *In Re Hwang*, 396 B.R. 757 (Bankr. C.D.Cal. 2008)........................................................................... 15

26   *In Re Kang Jin Hwang*, 438 B.R. 661, 665-666 (C.D.Cal. 2010) ...................................................... 15

27   *Johnson v. Wash. Mut.* (E.D. Cal. Feb. 24, 2010) 2010 WL 682456 ................................................... 6

28   *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270 (1941). ................................................. 14

ALVARADOSMITH
ATTORNEYS AT LAW
SANTA ANA

ii

# **TABLE OF AUTHORITIES**

Page

*McDonald v. Smoke Creek Live Stock Co.*, 209 Cal. 231 (1930) .......................................................... 7

*Moeller v. Lien*, 25 Cal. App. 4th 822, 830 (1994)....................................................................... 7

*Neal v. Juarez*, 2007 WL 2140640, at *8 (S.D.Cal. 2007) ......................................................... 15

*Ott v. Home Savings & Loan Ass'n*, 265 F.2d 643, 647 (9th Cir. 1958)..................................... 6

*Parcray v. Shea Mortg., Inc.*, No. CV-F-09-1942, 2010 WL 1659369, at *12 (E.D. Cal. Apr. 23, 2010).......................................................................................................................................... 6

*Perlas v. Mortgage Electronic Registration Systems, Inc.*, 2010 WL 3079262, at *7 (N.D.Cal. 2010) ................................................................................................................................................. 10

*Philipson & Simon v. Gulsvig*, 154 Cal. App. 4th 347, 363 (2007)............................................ 10

*Putkkuri v. ReconTrust Co.*, 2009 WL 32567 at *2 (S.D. Cal. 2009) ......................................... 15

*Roque v. Suntrust Mortg., Inc.*, No. C-09-00040 RMW, 2010 WL 546896, at *3 (N.D. Cal. Feb. 10, 2010)........................................................................................................................................ 6

*San Diego Home Solutions, Inc., v. ReconTrust Co.*, 2008 WL 5209972 at *2 (S.D.Cal. 2008)....... 15

*Sanchez v. U.S. Bank, N.A.* (N.D. Cal. Feb. 22, 2010) 2010 WL 670632 ................................... 6

*Saxon Mortg. Services, Inc. v. Hillery*, No. C-08-4357 EMC, 2009 WL 2435926 (2009) ................. 8

*StreamCast Networks, Inc. v. IBIS LLC*, 2006 WL 5720345, *4 (C.D.Cal. 2006)............................ 14

*Swanson v. EMC Mortg. Corp.* (E.D. Cal. Oct. 29, 2009) 2009 WL 3627925 ........................... 6

*Tina v. Countrywide Home Loans, Inc.*, 2008 WL 4790906 at *8 (S.D.Cal.2008)........................... 15

*Ung v. Koehler*, 135 Cal. App. 4th 186 (2005)................................................................... 5, 8

*Veal v. First Am. Sav. Bank* 914 F.2d 909, 913 (7th Cir.1990) ................................................. 10

*Wagner v. Benson*, 101 Cal.App.3d 27, 35 (1980) ................................................................ 11

*Wurtzberger v. Resmae Mortg. Corp.* (E.D. Cal. 2010) 2010 WL 1779972 ............................... 7

**Statutes**

Civ. Proc., § 2924(b)............................................................................................................... 13

15 U.S.C. § 1641(g). ................................................................................................................. 5

28 U.S.C. § 2201 ..................................................................................................................... 13

Civ. Proc., § 2924(k)................................................................................................................. 5

ALVARADOSMITH
ATTORNEYS AT LAW
SANTA ANA

NOTICE OF MOTION AND MOTION TO DISMISS ADVERSARY COMPLAINT FOR FAILURE TO STATE A CLAIM
1186872.2

**TABLE OF AUTHORITIES**

Page

Civ. Proc., § 2924 ............................................................................................... 5, 8, 15

Civ. Proc., § 2924(a)(1) ................................................................................................. 8

Civ. Proc., § 2924(a) .................................................................................................. 7, 8

Civ. Proc., § 2924(l) ....................................................................................................... 5

Civ. Proc., § 2932.5 ..................................................................................................... 6, 9

Civ. Proc., § 2934 .......................................................................................................... 9

Civ. Proc., § 2924-2924(i) ........................................................................................... 15

Civ. Proc., § 2924(a)(1) ................................................................................................. 8

Civ. Proc., § 340(c). ..................................................................................................... 12

Civ. Proc., § 2932.5 ....................................................................................................... 9

Civ. Proc., § 47(c) ........................................................................................................ 12

Fed. R. Civ. Proc. 12(b)(6) ........................................................................................... 2

Fed. R. Civ. Proc. § 19 .................................................................................................. 4

Fed. R. Civ. Proc. § 12(e) ............................................................................................. 3

Fed. R. Civ. Proc. § 57 ................................................................................................. 14

**Other Authorities**

Section 2924(a)(1) of the California Foreclosure Laws ................................................... 7

ALVARADOSMITH
ATTORNEYS AT LAW
SANTA ANA

NOTICE OF MOTION AND MOTION TO DISMISS ADVERSARY COMPLAINT FOR FAILURE TO STATE A CLAIM
1186872.2

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants Chase Home Finance LLC ("Chase"), U.S. Bank National Association, as Trustee for BNC Mortgage Loan Trust 2007-1, Mortgage Pass-Through Certificates, Series 2007-1 ("US Bank, N.A., as Trustee"), and Mortgage Electronic Registration Systems, Inc. ("MERS," and collectively as "Defendants") submit the following Memorandum of Points and Authorities in support of their Motion to Dismiss the Complaint of plaintiff Mary Jane Deckard ("Plaintiff").

### I.    SUMMARY OF ARGUMENT

Plaintiff's claims arise out of the foreclosure proceedings in connection with the property located at 24031 Vista Corona, Dana Point, California 92629 (the "Subject Property").  On or about December 7, 2006, Plaintiff obtained a mortgage loan in the amount of $348,750.00 in connection with the Subject Property which was secured by a deed of trust that was recorded with the Orange County Recorder's Office on January 2, 2007, as instrument number 2007-000000379. Plaintiff defaulted on the loan, and now in an attempt to stall valid post-foreclosure related proceedings, Plaintiff relies on flawed arguments and bare legal conclusions without any legal or factual support.

Specifically, Plaintiff's claims are based on the flawed contentions that (1) Chase is required to hold and/or produce the original note prior to conducting the foreclosure sale against the Subject Property and that (2) the foreclosure activities are unauthorized because the Pooling and Servicing Agreement regarding Plaintiff's loan does not allow for it.  Plaintiff also states that the underlying deed of trust is null and void.  As described in detail below, however, all of Plaintiff's claims fail. Initially, the law is clear: one need not be the "holder of the note" to commence non-judicial foreclosure proceedings.  Plaintiff's entire lawsuit based on this invalid theory therefore fails. Second, Plaintiff fails to allege that she is a party to the Pooling and Servicing Agreement, or cite to any legal authority which suggests an alleged violation of a an agreement between two outside parties gives Plaintiff third-party a claim for relief.  Third, Plaintiff's assertion that the underlying deed of trust confirms one of two things: either Plaintiff filed this adversary complaint to cause unnecessary delay or to obtain title to the Subject Property free and clear without paying the underlying debt which she voluntarily obtained in 2006.  Accordingly, the Motion to Dismiss must be granted in its entirety without leave to amend.

ALVARADOSMITH
ATTORNEYS AT LAW
SANTA ANA

1

II.   **SUMMARY OF RELEVANT FACTS**

The following are the relevant allegations in the Complaint and judicially noticeable facts set forth in the documents included in the Request for Judicial Notice:

- Plaintiff obtained a mortgage loan in the sum of $348,750.00 ("Loan") secured by a deed of trust ("DOT") encumbering the property located at 24031 Vista Corona, Dana Point, California 92629 (previously defined as "Subject Property"). The DOT was recorded on January 2, 2007, with the Orange County Official Records as instrument number 2007-000000379. The DOT identifies BNC Mortgage, Inc. ("BNC"), as the lender, Mortgage Electronic Registration Systems, Inc. (previously defined as "MERS") as the beneficiary, T.D. Service Company ("TD") as the trustee, and Charles E. Deckard and Plaintiff as the borrowers. *See* Request for Judicial Notice ("RJN"), Exhibit 1.

- A Notice of Default ("NOD") in connection with the DOT was recorded on or about October 17, 2008, with the Orange County Recorder's Office as instrument number 2008-000481442. Per the NOD, the amount in arrears was $12,256.62 as of October 16, 2008. *See*, RJN, Exhibit 2.

- An Assignment of the DOT was recorded on or about November 17, 2009, with the Orange County Recorder's Office as instrument number 2009-000623105 ("Assignment"). The Assignment memorialized the transfer of the beneficial interest in the DOT from MERS to US Bank, N.A., as Trustee. *See*, RJN, Exhibit 3.

- A Modification of the DOT was recorded on or about April 12, 2010, with the Orange County Recorder's Office as instrument number 2010-000170147. The Modification was entered into by Plaintiff and US Bank, N.A., as Trustee, for the purpose of modifying the address of the Subject Property in the DOT. *See*, RJN, Exhibit 4.

- A second NOD in connection with the DOT was recorded on or about May 3, 2010, in the Orange County Recorder's Office as instrument number 2010-000207143. Per the NOD, the amount in arrears was $65,800.74 as of April 30, 2010. *See*, RJN, Exhibit 5.

- A Notice of Trustee's Sale was recorded on or about August 18, 2010, with the Orange County Recorder's Office as instrument number 2010-000400147. *See*, RJN, Exhibit 6.

- A Certificate of Qualification to do Business in California issued by the California Secretary of State confirming MERS' registration in the State of California. *See* RJN, Exhibit 7.

III.   **STANDARD FOR A MOTION TO DISMISS**

A Motion to Dismiss pursuant to the *Federal Rules of Bankruptcy Procedure* 7012(b)(6) tests the legal sufficiency of the claim alleged in the Complaint. Thus, a Motion to Dismiss may be brought where a Plaintiff fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. Proc. 12(b)(6). While a Complaint attacked by a Rule 12(b)(6) Motion to Dismiss does not need detailed factual allegations, a Plaintiff's obligation to provide the grounds of his entitlement to relief

ALVARADOSMITH
ATTORNEYS AT LAW
SANTA ANA

requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1959 (2007). The "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.*

## IV.    THE ENTIRE COMPLAINT IS UNCERTAIN AND DEFENDANTS REQUEST A MORE DEFINITE STATEMENT

Federal *Rule of Civil Procedure* 12(e) states in relevant part:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading.

*See also, Famolare, Inc. v. Edison Bros. Stores, Inc.*, 525 F.Supp. 940, 949 (E.D.Cal. 1981); *Cellars v. Pacific Coast Packaging, Inc.*, 189 FRD 575, 578 (N.D.Cal. 1999).

Plaintiff fails to identify which particular defendant(s) the allegations are directed against. *See* Complaint. As such, it is unclear whether these claims are being alleged against which named defendant. It is therefore unclear which claims Defendants are thus obligated to respond. The Complaint therefore fails to provide notice to Defendants as to all the claims being brought against them. For purposes of this motion, Defendants shall assume that these claims are being brought against each of them and, for the reasons set forth below, all such claims fail.

Moreover, Plaintiff's Complaint is ambiguous in that Plaintiffs fail to allege any facts demonstrating any purported wrongdoing on the part of Defendants. Rather, Plaintiffs rely on conclusory allegations and language from inapplicable legal authority. Entirely missing are any relevant factual allegations which would apprise Defendants of the details surrounding the claims in the Complaint.

Accordingly, the Complaint is vague and unintelligible, and Plaintiff must be ordered to provide a more definite statement.

///

///

///

ALVARADO·SMITH
ATTORNEYS AT LAW
SANTA ANA

NOTICE OF MOTION AND MOTION TO DISMISS ADVERSARY COMPLAINT FOR FAILURE TO STATE A CLAIM
1186872.2

1   **V.    ALL OF PLAINTIFF'S CLAIMS ARE SUBJECT TO DISMISSAL BECAUSE**

2   **PLAINTIFF FAILED TO JOIN BORROWER CHARLES E. DECKARD, A**

3   **NECESSARY PARTY**

4   Federal *Rule of Civil Procedure* 19 provides:

5   > A person who is subject to service of process and whose joinder will
> not deprive the court of subject-matter jurisdiction must be joined as a

6   > party if: (A) in that person's absence, the court cannot accord complete
> relief among existing parties; or (B) that person claims an interest

7   > relating to the subject of the action and is so situated that disposing of
> the action in the person's absence may: (i) as a practical matter impair

8   > or impede the person's ability to protect the interest; or (ii) <u>leave an
> existing party subject to a substantial risk of incurring double,</u>

9   > <u>multiple, or otherwise inconsistent</u> obligations because of the interest.

10  The DOT, which was the security interest that is being foreclosed upon, was entered into by

11  both Plaintiff and borrower Charles E. Deckard. *See* RJN, Exhibit 1.  As such, borrower Charles E.

12  Deckard is a necessary party, in that, he has an interest in the Loan, and whom Plaintiff deliberately

13  failed to join when Plaintiff filed this action.  Federal *Rule of Civil Procedure* 19; *see*, Civ. Proc. §

14  389(a) .  Borrower Charles E. Deckard is not named as a party in this action and not joining him as a

15  party will leave Defendants to a substantial risk of incurring double, multiple, or otherwise

16  inconsistent obligations with respect to the Loan and DOT.  Thus, all claims are subject to dismissal

17  due to this procedural defect.

18  **VI.    PLAINTIFF'S CLAIM FOR "VIOLATION OF TRUTH IN LENDING ACT" FAILS**

19  **AGAINST US BANK, N.A., AS TRUSTEE**

20  **A.    Plaintiff's Claim for Damages Are Time Barred**

21  Plaintiff's claim for damages for an alleged violation of the Truth in Lending Act ("TILA") is

22  time barred.  Civil penalties under TILA are subject to a one-year statute of limitations.  15 U.S.C. §

23  1640(e).  Section 1640(e) states, in part:

24  > Any action under this section may be brought in any United States
> district court, or in any other court of competent jurisdiction, within

25  > one year from the date of the occurrence of the violation.

26  Here, Plaintiff alleges that US Bank, N.A., as Trustee did not provide notice that it was the

27  new creditor under the terms of the DOT.  *See* Complaint, ¶ 107.  Plaintiff also alleges that US Bank,

28  N.A., as Trustee was assigned the beneficial interest in the DOT on or about October 27, 2009.  *Id.*

ALVARADOSMITH
Attorneys At Law
Santa Ana

1    at ¶ 104; *see also* RJN, Exhibit 3. TILA provides that "not later than 30 days after the date on which

2    a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the

3    new owner or assignee of the debt shall notify the borrower in writing of such transfer." 15 U.S.C. §

4    1641(g). Based upon the date as Plaintiff has provided, the "occurrence of the violation" would be

5    no later than the expiration of the thirty (30) day period as set forth in the statute, or, November 27,

6    2009. Thus, Plaintiff was required to bring her claim for damages no later than November 27, 2010.

7    Plaintiff did not file the instant action until March 3, 2011, four months after the statute of

8    limitations expired. Thus, Plaintiff's claim for damages under TILA is time-barred.[1]

9    ## VII.  PLAINTIFF'S FRAUD CLAIM FAILS

10        Plaintiff's entire fraud claim is based on generalized legal conclusions regarding the role of

11    MERS in the subject foreclosure proceedings. First, statutory and case law is clear that MERS is

12    authorized to commence and conduct non-judicial foreclosure proceedings in California. Second,

13    Plaintiff's allegations fall far short of the heightened pleading requirements for claims sounding in

14    fraud.

15    ### A.    MERS Is Authorized to Assign the DOT and Commence a Trustee's Sale

16    ### 1.    Non-Judicial Foreclosures Under California Law

17        California case law *uniformly* holds that MERS is duly authorized pursuant to California law

18    to commence a trustee's sale, and MERS may substitute a trustee that is duly authorized to conduct

19    such a sale. Non-judicial foreclosures are exclusively governed by the statutory scheme set forth in

20    California *Civil Code* § 2924 *et seq.* ("California Non-Judicial Foreclosure Law"). *See Moeller,* 25

21    Cal.App.4th at 830 (California "Civil Code sections 2924 through 2924k[2] provide a comprehensive

22    framework for the regulation of a non-judicial foreclosure sale pursuant to a power of sale contained

23

24    ───────────────────────────
[1] As evidenced by the publicly recorded and judicially noticeable documents attached to Defendants' concurrently filed

25    Request for Judicial Notice, Plaintiff and US Bank, N.A., as Trustee, entered into a Modification of the DOT in April
2010. *See* RJN, Exhibit 4. Thus, Plaintiff's claim she had no notice that US Bank, N.A., as Trustee, had become the new

26    beneficiary is tenuous at best.

[2] California *Civil Code* § 2924*l,* which is part of the current non-judicial foreclosure scheme, was adopted in 1995 and

27    therefore not included in the 1994 decision of the *Moeller* court. Subsequent cases have recognized that 2924*l* is part of
the current non-judicial foreclosure statutory scheme. *See Ung v. Koehler,* 135 Cal.App.4th 186, 192 (2005) (describing

28    the statutory scheme as *Civil Code* §§ 2924 through 2924*l.*)

ALVARADOSMITH
ATTORNEYS AT LAW
SANTA ANA

1    in a deed of trust."). *Every legal requirement for non-judicial foreclosures* is set forth in these

2    statutes.

3          In other words, persons foreclosing, such as MERS, or substituted trustees, must comply with

4    California's Non-Judicial Foreclosure Law, and nothing more, in order to properly commence a non-

5    judicial foreclosure in the State of California. *See Parcray v. Shea Mortg., Inc.*, 2010 WL 1659369,

6    at *12 (E.D.Cal. 2010) (rejecting Plaintiff's assertion that trustee must comply with California Civil

7    Code section 2932.5 to properly conduct a non-judicial foreclosure under a deed of trust) (*citing

8    Roque v. Suntrust Mortg., Inc.*, 2010 WL 546896, at *3 (N.D.Cal. 2010)). Thus, the Court should

9    only look to California's Non-Judicial Foreclosure Law to determine whether parties are properly

10   commencing and conducting non-judicial foreclosures.

11              **2.      MERS Is Authorized to Assign Its Interest Under the Deed of Trust**

12         "Courts have rejected arguments that MERS lacks the ability to transfer and assign."

13   *Johnson v. Wash. Mut.*, 2010 WL 682456 (E.D.Cal. 2010) (*citing Castaneda v. Saxon Mortg. Servs.,

14   Inc.*, 687 F.Supp.2d 1191, 1195, n.3 (E.D.Cal. 2009); *Swanson v. EMC Mortg. Corp.*, 2009 WL

15   3627925 (E.D.Cal. 2009); *Benham v. Aurora Loan Servs.*, 2009 WL 2880232, *14 (N.D.Cal. 2009);

16   *Pantoja v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 1177, 1188-90 (N.D.Cal. 2009).

17         In *Sanchez v. U.S. Bank, N.A.*, 2010 WL 670632 (N.D.Cal. 2010), the U.S. District Court for

18   the Northern District of California stated it thus:

19                  [P]laintiff cites no authority in support of her contention that MERS'
                    role as a "nominee" did not give MERS the power of assignment.
20                  Indeed, plaintiff's allegation is undermined by the case she cites in
                    support. *See Ott v. Home Savings & Loan Ass'n*, 265 F.2d 643, 647
21                  (9th Cir. 1958) ("The taking of title by a nominee of a principal or the
                    conveyance of title by a nominee is a familiar device in stock
22                  transactions or in the transfer of other interests represented by
                    documents.").    Accordingly, the Court concludes that plaintiff's
23                  complaint does not state a claim with respect to the validity of the
                    assignment of the security interest to defendant.
24
     *Id.* at *5.
25
           In this case, the Deed of Trust, which was recorded on January 2, 2007, names MERS as the
26
     beneficiary and TD as the Trustee. *See* RJN, Exhibit 1. In October 2009, MERS assigned its interest
27

28

                                                     6

ALVARADOSMITH
ATTORNEYS AT LAW
SANTA ANA

1    under the Deed of Trust to US Bank, N.A., as Trustee, through an Assignment of the DOT and

2    related Promissory Note. *See* RJN, Exhibit 3.

3         Moreover, as stated in *Benham*, "as the beneficiary under the Deed of Trust, it is clear that

4    MERS had . . . had the authority to assign its beneficial interest under the Deed of Trust to

5    [Defendant];" and since "MERS held legal title to the interests granted by Plaintiff in the Deed of

6    Trust, [it] had the right to foreclose and sell the property if Plaintiff defaulted on [his] loan." 2009

7    WL 2880232 at *3-4. *See also Wurtzberger v. Resmae Mortg. Corp.*, 2010 WL 1779972, *10-11

8    (E.D.Cal. 2010) (dismissing a claim for wrongful foreclosure based on the allegation that MERS was

9    not the named beneficiary and had no right to assign the Deed of Trust). "There is no requirement

10   under California law for an assignment to be recorded in order for an assignee beneficiary to

11   foreclose." *Parcray*, 2010 WL 3034022 (citing *Roque*, 2010 WL 546896 at *3-5). Thus, any

12   allegation challenging the authority of MERS to assign the beneficial interest in the Deed of Trust is

13   without merit.

14         **3.      MERS is Permitted to Commence Non-Judicial Foreclosure Proceedings**

15              **Because the Deed of Trust Grants the Power of Sale**

16         California law provides that when a borrower defaults on the loan and the deed of trust

17   contains a power of sale clause, the lender can non-judicially foreclose. *McDonald v. Smoke Creek*

18   *Live Stock Co.*, 209 Cal. 231 (1930). A deed of trust effectively gives the creditor a lien on the

19   secured property to satisfy the obligation under the note if it is not paid. *Alliance Mortgage Co. v.*

20   *Rothwell*, 10 Cal. 4th 1226, 1235 (1995). If the deed of trust contains an express provision granting

21   a power of sale—as the deed of trust in this case does—the beneficiary may pursue non-judicial

22   foreclosure, often called a "trustee's sale," under the detailed regulatory provisions of California

23   *Civil Code* §§ 2924 – 2924i. *Moeller v. Lien*, 25 Cal. App. 4th 822, 830 (1994). Thus, the law is

24   clear that a **lender, or its authorized agents**, may conduct non-judicial foreclosure proceedings in

25   the event of a borrower's default. *McDonald v. Smoke Creek Live Stock Co.*, 209 Cal. 231 (1930).

26         Specifically, Section 2924(a)(1) of the California Non-Judicial Foreclosure Law provides

27   that, where the deed of trust expressly grants a power of sale to the trustee, a non-judicial foreclosure

28   may be initiated by the recording of a notice of default and election to sell by a "trustee, mortgagee,

ALVARADOSMITH
ATTORNEYS AT LAW
SANTA ANA

7

1  or beneficiary, or any of their authorized agents." Cal. *Civ. Code* § 2924(a)(1) (emphasis added);

2  *Ung*, 135 Cal.App.4th at 192. The deed of trust does not need to expressly grant the power of sale to

3  the beneficiary, such as MERS, in order for a beneficiary to be authorized to commence a trustee's

4  sale; it suffices that the power is given to the trustee. Indeed, as reflected by Section 2924a under

5  the power of sale, the sale itself may be conducted by an attorney or other *authorized agent* of the

6  trustee. Cal. *Civ. Code* § 2924a; *Ung*, 135 Cal.App.4th at 192. For its part, a beneficiary or an

7  authorized agent of the beneficiary may commence a trustee's sale based *solely* on the power of sale

8  granted to the *trustee* in the deed of trust.

9      Here, the Deed of Trust *expressly grants* a power of sale to the *trustee*, and therefore section

10  2924(a)(1) applies. *Id.*; RJN, Exhibit 1 (granting trustee "power of sale"). In fact, numerous

11  California courts have held that a beneficiary, such as MERS, is duly authorized to commence a

12  trustee's sale. *See, e.g., Benham*, 2010 WL 532685, at *2 (N.D. Cal. 2010) ("As beneficiary under

13  the Deed of Trust, MERS was free to make a substitution of the trustee in order to conduct the

14  foreclosure sale."); *Saxon Mortg. Services, Inc. v. Hillery*, 2009 WL 2435926, at *5 (N.D.Cal. 2009)

15  (beneficiary of note assigned to it by MERS had right to conduct trustee's sale).

16      The California Court of Appeal has also **confirmed** MERS' authority to conduct non-judicial

17  foreclosure proceedings following a borrower's default. *See Gomes v. Countrywide Home Loans,*

18  *Inc.*, 192 Cal.App.4th 1149, 2011 WL 566737, at *4-5 (2011) (holding that MERS has authority to

19  conduct non-judicial foreclosure proceedings under California law). Under the Deed of Trust signed

20  by the Plaintiff, MERS has the requisite authority to commence a non-judicial foreclosure under

21  California law. *Id.* at *4, n.7 (holding that under California law MERS may initiate a foreclosure *as*

22  *the nominee, or agent, of the noteholder*. "As we have explained, Civil Code section 2924,

23  subdivision (a)(1) states that a 'trustee, mortgagee, or beneficiary, *or any of their authorized agents* "

24  may initiate the foreclosure process.'") (Emphasis in original).

25      Moreover, because the requirements for a trustee's sale are exclusively set forth in

26  California's Non-Judicial Foreclosure Law, and because those laws do not require a "trustee,

27  mortgagee, beneficiary, or their agents" to prove or record its authority prior to commencing a non-

28  judicial foreclosure, it necessarily follows that no such requirement exists. Despite Plaintiff's

ALVARADOSMITH
ATTORNEYS AT LAW
SANTA ANA

1    insistence to the contrary, California law does *not* require the Note or the "chain of ownership" of a

2    Note secured by real property be recorded. *Roque*, 2010 WL 546896, at \*3 ("Uniformly among

3    courts, production of the Note is not required to proceed in foreclosure and similarly no production

4    of any chain of ownership is required."). There is also no requirement that the assignment of any

5    rights and interests in a deed of trust be recorded. *See Cal. Civ. Code* § 2934 ("assignment of the

6    beneficial interest under a deed of trust *may* be recorded"). Finally, nowhere does California law

7    require that the relationship between a beneficiary and its authorized agents be recorded.

8            Based on the above, Plaintiff's challenge to the authority of MERS to commence and conduct

9    non-judicial foreclosure proceedings is without merit. Plaintiff's attempt to challenge non-judicial

10    foreclosure on the basis of a thinly veiled "note holder" theory is obvious and fails. As a result,

11    Plaintiff's claim based upon these allegations fails.

12            **4.**    **California *Civil Code* § 2932.5 Does Not Apply to Deeds of Trust**

13            To the extent Plaintiff relies on California *Civil Code* § 2932.5 ("Section 2932.5") for her

14    challenge to MERS' authority to conduct non-judicial foreclosure proceedings, such reliance fails

15    because California law does not impose any obligations upon the beneficiaries or their authorized

16    agents when commencing non-judicial foreclosures—noting that Section 2932.5 falls outside of the

17    statutory scheme for non-judicial foreclosures. Section 2932.5 *permits* one who by assignment is

18    entitled to the proceeds from the Note to record the assignment upon which such assignee *may*

19    exercise its vested power of sale. Cal. *Civ. Code* § 2932.5 ("The power of sale *may* be exercised *by*

20    *the assignee if* the assignment is duly acknowledged and recorded."). (Emphasis added).

21            Further, Section 2932.5 *does not apply* because the statute applies to *mortgages*, and *not*

22    deeds of trust. Cal. *Civ. Code* § 2932.5; *Roque*, 2010 WL 546896, at \*3 ("Section 2932.5 applies to

23    mortgages, not deed of trust") (citing *Bear v. Coben (In re Golden Plan of Cal., Inc.)*, 829 F.2d 705,

24    708-11 (9th Cir. 1986)). Accordingly, there is no obligation for MERS, as beneficiary on a deed of

25    trust, to record papers showing its authority to commence a non-judicial foreclosure; and there is no

26    obligation for MERS to record any document showing its relationship with a lender or beneficiary

27    who is ultimately entitled to receive the monies from the repayment of the loan.

28

NOTICE OF MOTION AND MOTION TO DISMISS ADVERSARY COMPLAINT FOR FAILURE TO STATE A CLAIM
1186872.2

1    For the foregoing reasons, Plaintiff's reliance on arguments concerning the role of MERS in

2    her loan and the subsequent non-judicial foreclosure proceedings initiated after she defaulted under

3    the terms of the loan she voluntarily obtained, fails as a matter of law.

4    **B.    Plaintiff Fails to State a Claim for Fraud**

5    Plaintiff's fraud claim is based on generalized legal conclusions regarding the role of MERS

6    as discussed in detail above. Plaintiff fails to allege a single specific fact supporting the proposition

7    that Defendants made any misrepresentations or committed "fraud in conveyance."

8    The elements necessary to state a cause of action for fraud are: (1) a false representation of a

9    material fact; (2) knowledge of the falsity (*scienter*); (3) intent to induce reliance; (4) justifiable

10    reliance; and (5) resulting damage. *Philipson & Simon v. Gulsvig,* 154 Cal. App. 4th 347, 363

11    (2007). The particularity requirement for fraud mandates pleading facts that "show how, when,

12    where, to whom, and by what means the representations were tendered." *Robinson Helicopter Co.,*

13    *Inc. v. Dana Corp.,* 34 Cal. 4th 979, 993 (2004).

14    Federal *Rule of Civil Procedure* 9(b) requires a cause of action for fraud to be pled with

15    particularity and "with a high degree of meticulousness." *Desaigoudar v. Meyercord* 223 F3d 1020,

16    1022–1023 (9th Cir. 2000). Conclusory allegations without a factual description of the underlying

17    conduct will not satisfy the requirements for pleading fraud with particularity and may warrant

18    dismissal. *In re Barr,* 188 B.R. 565, 570 (Bkrtcy.N.D.Ill.,1995), (*citing Veal v. First Am. Sav. Bank*

19    914 F.2d 909, 913 (7th Cir.1990)). In this case, Plaintiffs' allegations fall short of the pleading

20    requirements.

21    First, Plaintiff claims that any assignment of the DOT was void because MERS has no

22    authority to conduct business in California. *See* Complaint, ¶ 110. Defendant MERS registered to

23    conduct intrastate business in California on July 21, 2010, and, under California law, any and all of

24    MERS' prior transactions were then "given full effect." *See* RJN, Exhibit 6; *see Perlas v. Mortgage*

25    *Electronic Registration Systems, Inc.*, 2010 WL 3079262, at *7 (N.D.Cal. 2010) (noting that "[a]s of

26    July 21, 2010, MERS is registered to conduct intrastate business in the State of California.

27    Therefore, MERS is entitled to have "its prior transactions given full effect."); *Adam v. Mortgage*

28    *Electronic Registration Systems, Inc.*, 2011 WL 63651, at *3 (C.D.Cal. 2011). As the Court held in

10

ALVARADOSMITH
ATTORNEYS AT LAW
SANTA ANA

1    *Perlas,* "even assuming MERS was required to register [to do business in California], the fact that it

2    did not ***does not void the actions it took.*** *Perlas,* 2010 WL 3079262, at *6-7. (Emphasis added).

3    Rather, "because MERS has now registered with the California Secretary of State, and prior activity

4    is retroactively validated." *Id.* at *7. The Court went on to explain in its decision that "California

5    courts have held that an unregistered corporation, upon registering, is 'restored to full legal

6    competency and [has] its prior transactions given full effect.'" *Id.*   As a result, Plaintiff's fraud

7    theory regarding the authority of MERS to commence and conduct foreclosure proceedings is

8    without legal merit.

9           Further, as evidenced by the judicially noticeable documents filed concurrently herewith, it is

10    irrefutable that Plaintiff signed, and presumably read, the subject Loan documents that expressly set

11    forth the terms of her Loans and the respective role of each party.  Plaintiff's own dissatisfaction

12    and/or failure to understand the terms of the Loan cannot form a basis for liability against

13    Defendants, nor does Plaintiff provide any legal authority that it does.

14           Further, Plaintiff's patently flawed conclusions of law do not begin to provide even a

15    modicum of the required factual information as to the "how, when, where, to whom, and by what

16    means," Defendants are alleged to have committed fraud with respect to Plaintiff.  Additionally,

17    such allegations do not constitute a fraudulent representation, and are nevertheless, not actionable.

18    *See Wagner v. Benson,* 101 Cal.App.3d 27, 34, 35 (1980) ("Public policy does not impose upon the

19    Bank absolute liability for the hardships which may befall the [borrower] it finances").

20           Additionally, Plaintiff fails to allege the remaining elements of a fraud claim.  Plaintiff does

21    not plead any facts to support her allegations as to Defendants' purported knowledge of the alleged

22    misrepresentation and Plaintiff's justifiable reliance.  Finally, Plaintiff fails to allege damages, *i.e.,*

23    that any act taken by Defendants in connection with non-judicial foreclosure proceedings caused any

24    damages to Plaintiff which were not the result of her own failure to make required payments under

25    the terms of the DOT.  Without an actionable fraud and justifiable reliance, the fraud claim fails to

26    allege the essential elements and fails.

27

28

ALVARADOSMITH
ATTORNEYS AT LAW
SANTA ANA

NOTICE OF MOTION AND MOTION TO DISMISS ADVERSARY COMPLAINT FOR FAILURE TO STATE A CLAIM
1186872.2

## VIII.  PLAINTIFF'S CLAIM FOR "DEFAMATION (LIBEL)" FAILS

It appears that the crux of Plaintiff's defamation claim is the "the conduct of Defendants constitutes libel that tends to defame, disparage, and injure Plaintiff in her business and reputation and has also caused pain and suffering." *See* Complaint, ¶ 117. Other than Plaintiff's "incorporating" paragraph, there are no factual allegations which support this claim (*i.e.*, "shotgun pleading"). Although Plaintiff provides no facts as to what the purported "false and defamatory statements" were and to whom they were made, Plaintiff's allegations are without merit. No claim for defamation can be maintained because the purported communication regarding Plaintiff's default and the subsequent foreclosure proceedings, even if false, is privileged under California *Civil Code* § 47(c).

*Civil Code* § 47(c) provides that a publication is privileged when:

> [i]n a communication, without malice, to a person interested therein, (1) by one who is also interested, or (2) by one who stands in such relation to the person interested as to afford a reasonable ground for supposing the motive for the communication to be innocent, or (3) who is requested by the person interested to give the information.

### A.  Plaintiff's Claim is Barred by the One Year Statute of Limitations

Plaintiff's Complaint does not allege any defamatory publications failing within the one year statute of limitations. Section 340(c) of the *Code of Civil Procedure* sets forth a one year statute of limitations for actions based on libel. *Civ. Proc.* §340(c). First, the initial NOD was recorded on October 17, 2008. *See* RJN, Exhibit 2. The Assignment, in turn, was recorded on November 17, 2009. Thus, Plaintiff's claims for defamation based upon the recordation of the first Notice of Default and Assignment of the DOT expired on October 17, 2009 and November 17, 2010, respectively. Nevertheless, Plaintiff did not file this action until March 2011, which is beyond the applicable statute of limitations for statements made within these publications.

### B.  Plaintiff's Claim is Barred Because a Complete Defense Exists in that any Statement Made by Defendants was Privileged.

As is stated above, Section 47 establishes a privilege for the mailing, publication, and delivery of foreclosure notices as required under California's comprehensive statutory framework

1    governing trustee's sales.  Again, Plaintiff fails to state exactly what documents were issued or

2    recorded in a libelous manner.  Assuming it was the recorded foreclosure documents, such

3    foreclosure notices required under California Law. *See generally, Civil Code* § 2924b.  Thus, the

4    mailing, publication, and delivery of the Notice of Default and Notice of Trustee's Sale falls

5    squarely within the protection of *Civil Code* Section 47, and Plaintiff's claim fails.

6    **C.    Plaintiff's Claim has no Merit Because Plaintiff Does not Allege That the**

7    **Statements Made Within the Foreclosure Notices Were False**

8    To be defamatory, the publication must contain a false statement of fact. *Francis v. Dun &*

9    *Bradstree, Inc.*, 3 Cal.App.4[th] 535 (1992); *Gregory v. Mcdonnell DOUGLAS CORPORATION*, 17

10   Cal.3d 596, 601 (1976).

11   In this case, Plaintiff fails to allege that Defendants made any false statements constituting

12   defamation under the foreclosure notices.  For these reasons, Plaintiff does not allege, nor can she

13   establish, that Defendants made any false statement in support of the "Libel" claim.

14   **IX.   PLAINTIFF FAILS TO STATE A CLAIM FOR "DETERMINATION OF EXTENT**

15   **AND VALIDITY OF LIEN"**

16   Plaintiff essentially seeks a declaration as to whether the lien of US Bank, N.A., as Trustee is

17   a valid encumbrance on the property. *See* Complaint, ¶¶ 97-102.

18   The Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201 provides, in pertinent part:

19   In a case of actual controversy within its jurisdiction. . . any court of
     the United States, upon the filing of an appropriate pleading, may

20   declare the rights and other legal relations of any interested party
     seeking such declaration, whether or not further relief is or could be

21   sought. Any such declaration shall have the force and effect of a final
     judgment or decree and shall be reviewable as such.

22   The DJA's operation "is procedural only." *Aetna Life Ins. Co. of Hartford, Conn. v.*

23   *Haworth*, 300 U.S. 227, 240, 57 S.Ct. 461, 463 (1937).  A DJA action requires a district court to

24   "inquire whether there is a case of actual controversy within its jurisdiction." *American States Ins.*

25   *Co v. Kearns*, 15 F.3d 142, 143-144 (9th Cir. 1994).  As to a controversy to invoke declaratory relief,

26   the question is whether there is a "substantial controversy, between parties having adverse legal

27   rights, or sufficient immediacy and reality to warrant the issuance of a declaratory judgment."

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

1    *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270 (1941).  The United States Supreme

2    Court has further explained:

3              A justiciable controversy is thus distinguished from a difference or
             dispute of a hypothetical or abstract character; from one that is
4              academic or moot. . . The controversy must be definite and concrete,
             touching the legal relations of parties having adverse legal interests. . .
5              It must be a real and substantial controversy admitting of specific
             relief through a decree of a conclusive character, as distinguished from
6              an opinion advising what the law would be upon a hypothetical state of
             facts.

7    *Haworth*, 300 U.S. at 240-241, 57 S.Ct. at 464 (citations omitted).

8            Moreover, California state law is in accord.  It is axiomatic that a cause of action for

9    declaratory relief serves the purpose of adjudicating ***future*** rights and liabilities between parties.  *See*

10   *Cardellini v. Casey*, 181 Cal.App.3d 389 (1986) [Emphasis added]; *Bachis v. State Farm Mutual*

11   *Auto. Ins. Co.*, 265 Cal.App.2d 722 (1968).  Moreover, where the "rights of the complaining party

12   have crystallized into a cause of action for past wrongs, "a decision to sustain a demurrer to a cause

13   of action for declaratory relief will be upheld.  *See id.* at 397-398; *see also Bachis,* 265 Cal.App.2d

14   726-728 (1968).

15           Assuming an actual controversy existed, "[d]eclaratory relief is only appropriate '(1) when

16   the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2)

17   when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise

18   to the proceeding.' *Guerra v. Sutton*, 783 F.2d 1371, 1376 (9th Cir.1986).  'The existence of another

19   adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate.'

20   Fed. *R. Civ. Proc.* 57.  However, "the availability of other adequate remedies may make declaratory

21   relief inappropriate ...." *StreamCast Networks, Inc. v. IBIS LLC*, 2006 WL 5720345, *4 (C.D.Cal.

22   2006).

23           Plaintiff's claims for Declaratory Relief (1) to determine US Bank, N.A., as Trustee's interest

24   in the Subject Property and (2) to Determine the Current Status of its Claim are premised on either a

25   "produce the note" theory or on the allegations concerning the Assignment of the DOT and MERS'

26   role in the foreclosure proceedings.  As discussed at great length above, Plaintiff cannot state any

27   claim against MERS or based upon allegations that MERS' acts were somehow wrongful.

28

ALVARADOSMITH
ATTORNEYS AT LAW
SANTA ANA

14

1    Second, Plaintiff's "produce the note" theory has been repeatedly refuted and rejected by

2    applicable case law. *See, e.g., Putkkuri v. ReconTrust Co.*, 2009 WL 32567 at *2 (S.D.Cal. 2009)

3    ("Production of the original note is not required to proceed with a non-judicial foreclosure.");

4    *Candelo v. NDex West, LLC.*, 2008 WL 5382259 at *4 (E.D.Cal. 2008)("No requirement exists

5    under the statutory framework to produce the original note to initiate non-judicial foreclosure."); *San*

6    *Diego Home Solutions, Inc., v. ReconTrust Co.*, 2008 WL 5209972 at *2 (S.D.Cal. 2008)

7    ("California law does not require that the original note be in the possession of the party initiating

8    non-judicial foreclosure."); *Tina v. Countrywide Home Loans, Inc.*, 2008 WL 4790906 at *8

9    (S.D.Cal. 2008)("Cal. Civ. Code § 2924 outlines the requirements for non-judicial foreclosures in

10    California, and does not include providing the original note prior to the sale."); *Neal v. Juarez*, 2007

11    WL 2140640, at *8 (S.D.Cal. 2007)(An "allegation that the trustee did not have the original note or

12    had not received it is insufficient to render the foreclosure proceeding invalid."). Further, the U.S.

13    District Court for the Central District of California recently addressed, and rejected, the borrower's

14    argument that the party to commence non-judicial foreclosure must be the owner of the Note. *See In*

15    *Re Kang Jin Hwang*, 438 B.R. 661, 665-666 (C.D.Cal. 2010) (reversing the holding in *In Re Hwang*,

16    396 B.R. 757 (Bankr. C.D.Cal. 2008), that only the owner of the Note had the right to enforce its

17    terms).

18    Thus, the case law is clear that the party to initiate non-judicial foreclosure is not required to

19    present the original Note or prove ownership. Plaintiff provides no case law or statutory authority to

20    the contrary. It remains that what is required is compliance with California's extensive, and

21    comprehensive, non-judicial foreclosure statutes. *See Cal. Civ. Code* §§ 2924-2924i.

22    Here, Plaintiff fails to present any cognizable theory and fail to allege any facts to question

23    the validity of the DOT Plaintiff executed and the subsequent non-judicial foreclosure. Accordingly,

24    Plaintiff fails to state a claim for relief based upon a rejected "produce the note" theory, and this

25    claim should be dismissed without leave to amend.

26    Based on the above, there is no occasion to define the respective rights of the parties to

27    govern the future conduct of Plaintiff and Defendants, as all conduct being complained of by

28    Plaintiff occurred in the past. Further, declaratory judgment will not resolve any issues outside of

ALVARADOSMITH
ATTORNEYS AT LAW
SANTA ANA

15

1    those already being addressed by substantive claims. Accordingly, under these circumstances,

2    declaratory relief is inappropriate and subject to dismissal.

3    **X.    PLAINTIFF'S CLAIM TO "QUIET TITLE" FAILS**

4    In order to successfully allege a cause of action to quiet title, a complaint must be verified

5    and allege: (1) a legal description of the property and its street address or common designation; (2)

6    the title of the Plaintiff and the basis of the title; (3) the adverse claims to the title of the Plaintiff; (4)

7    the date as of which the determination is sought; and (5) a prayer for the determination of the title of

8    the Plaintiff against the adverse claims. Cal. *Code Civ. Proc.* § 761.020.

9    Here, Plaintiff fails to allege any facts regarding her basis for title, Defendants' adverse

10   claims to title, or any other facts to support her claim. *See* Complaint, ¶¶ 121-124. Regardless,

11   Plaintiff acknowledged and agreed to the beneficiary's right to commence and conduct non-judicial

12   foreclosure proceedings in the event Plaintiff defaulted under the terms of the DOT. *See* RJN,

13   Exhibit 1.

14   Finally, under California law, a plaintiff seeking to quiet title in the face of a foreclosure

15   must allege tender or an offer of tender of the amount borrowed. *Arnolds Management Corp. v.*

16   *Eischen,* 158 Cal.App.3d 575, 578 (1984).   Similarly, Plaintiff should be required to tender the

17   amount of the unpaid debt under the Loan.   Plaintiff has not alleged tender and for that reason, the

18   claim for Quiet Title fails.

19   Based on the foregoing, Plaintiff's claim to Quiet Title fails, and this Court should grant

20   Defendants' Motion to Dismiss Plaintiff's claim.

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

NOTICE OF MOTION AND MOTION TO DISMISS ADVERSARY COMPLAINT FOR FAILURE TO STATE A CLAIM
1186872.2

1    **XI.    CONCLUSION**

2          For the foregoing reasons, Defendants respectfully request that the Court grant their Motion

3    to Dismiss in its entirety without leave to amend.

4

5    DATED:  March 31, 2011                    ALVARADOSMITH
                                              A Professional Corporation
6

7                                              By: /s/ Christopher J. Donewald

8                                                  JOHN M. SORICH
                                                   S. CHRISTOPHER YOO
9                                                  CHRISTOPHER J. DONEWALD
                                                   Attorneys for Defendants
10                                                 CHASE HOME FINANCE, LLC, U.S. BANK
                                                   NATIONAL ASSOCIATION, AS TRUSTEE
11                                                 FOR BNC MORTGAGE LOAN TRUST 2007-1,
                                                   MORTGAGE PASS THROUGH
12                                                 CERTIFICATES, SERIES 2007-1; and
                                                   MORTGAGE ELECTRONIC REGISTRATION
13                                                 SYSTEMS, INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ALVARADOSMITH
ATTORNEYS AT LAW
SANTA ANA

NOTICE OF MOTION AND MOTION TO DISMISS ADVERSARY COMPLAINT FOR FAILURE TO STATE A CLAIM
1186872.2

1

## **PROOF OF SERVICE**

2

**STATE OF CALIFORNIA, COUNTY OF ORANGE**
*In re Mary Jane Deckard*
3
*Mary Jane Deckard v. Chase Home Finance, LLC, et al.,*
8:10-bk-27141-RK
4
8:11-ap-01107-RK

5

6      I am employed in the County of Orange, State of California.  I am over the age of 18 years
and not a party to the within action.  My business address is **AlvaradoSmith, 1 MacArthur Place,
Santa Ana, CA 92707.**

7

8      On March 31, 2011, I served the foregoing document described as **NOTICE OF MOTION
AND MOTION TO DISMISS ADVERSARY COMPLAINT; MEMORANDUM OF POINTS
AND AUTHORITIES** on the interested parties in this action.

9

☒      by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s),
10      addressed as follows:

11      **SEE ATTACHED SERVICE LIST**

12   ☒   **BY REGULAR MAIL:** I deposited such envelope in the mail at 1 MacArthur Place, Santa
Ana, California.  The envelope was mailed with postage thereon fully prepaid.

13

14   I am "readily familiar" with the firm's practice of collection and processing correspondence
for mailing.  It is deposited with the U.S. Postal Service on that same day in the ordinary
course of business.  I am aware that on motion of the party served, service is presumed invalid
15   if postal cancellation date or postage meter date is more than one (1) day after date of deposit
for mailing in affidavit.

16

17   **BY THE ACT OF FILING OR SERVICE, THAT THE DOCUMENT WAS
PRODUCED ON PAPER PURCHASED AS RECYCLED.**

18   ☐   **BY FACSIMILE MACHINE:** I Tele-Faxed a copy of the original document to the above
facsimile numbers.

19

20   ☐   **BY OVERNIGHT MAIL:** I deposited such documents at the Overnite Express or Federal
Express Drop Box located at 1 MacArthur Place, Santa Ana, California 92707.  The envelope
was deposited with delivery fees thereon fully prepaid.

21

22   ☐   **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the above
addressee(s).

23   ☒   (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at
whose direction the service was made.

24

25   Executed on March 31, 2011, at Santa Ana, California.

26   Cynthia Rosas

27

28

1187100.1

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

1

## SERVICE LIST

2

*In re Mary Jane Deckard*

3

*Mary Jane Deckard v. Chase Home Finance, LLC, et al.,*

8:10-bk-27141-RK

4

8:11-ap-01107-RK

5

6    Mary Jane Deckard                                  **Debtor**
     24404 Alta Vista Drive, Unit 3

7    Dana Point, CA 92629

8    Gary L Harre, Esq.                                  T: 714-907-4182
     Diane Beall, Esq.                                   F: 714-907-4175

9    Global Capital Law PC
     17111 Beach Blvd Ste 100                            *ghcmecf@gmail.com*

10   Huntington Beach, CA 92647
                                                         **Attorney for Debtor**

11
     Amrane (SA) Cohen (TR)                              T: 714-621-0200

12   770 The City Dr So Ste #3300                        F: 714-621-0277
     Orange, CA 92868

13                                                       *efile@ch13ac.com*

14                                                       **Trustee**

15   United States Trustee (SA)
     411 W Fourth St., Suite 9041                        *ustpregion16.sa.ecf@usdoj.gov*

16   Santa Ana, CA 92701-4593
                                                         **United States Trustee**

17

18

19

20

21

22

23

24

25

26

27

28

ALVARADOSMITH
A Professional Corporation
Santa Ana

PROOF OF SERVICE

1187100.1